**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION**

| | |
|---|---|
| MICHAEL LEE MAEZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>RAYMOND MERRILL,<br><br>　　　　Defendants. | Case No. 2:07-CV-986 TC<br><br>District Judge Tena Campbell<br>Magistrate Judge Brooke Wells<br><br>**MEMORANDUM DECISION AND ORDER DISMISSING COMPLAINT** |

　　　　Plaintiff, Michael Lee Maez, an inmate at the Utah State Prison, filed this *pro se* civil rights suit under 42 U.S.C. § 1983.  *See* 42 U.S.C.A. § 1983 (2008).  Plaintiff was allowed to proceed *in forma pauperis* under 28 U.S.C. § 1915.  *See* 28 U.S.C.A. § 1915 (2008).  This case is now before the Court for screening of Plaintiff's Complaint under 28 U.S.C. § 1915(e).

**ANALYSIS**

**I. Screening Standard of Review**

　　　　Under 28 U.S.C. § 1915(e)(2)(B), a court shall dismiss any claims in a complaint filed *in forma pauperis* if they are frivolous, malicious or fail to state a claim upon which relief can be granted.  "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would

be futile to give him an opportunity to amend." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999). For screening purposes, the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Because Plaintiff is proceeding pro se the Court must construe his pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Id.* However, "[t]he broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* While Plaintiff need not describe every fact in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.*

To state a viable claim "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." *Shero v. City of Grove*, No. 06-5222, 2007 WL 4376068, at *3 (10th Cir. Dec. 17, 2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007)). "'Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level'. . . . That is, there must be 'enough

facts to state a claim to relief that is plausible on its face.'"
*Lynn v. Anderson-Varella*, No. 07-3046, 2007 WL 4230701, at *3
(10th Cir. Nov. 30, 2007) (quoting *Bell Atl. Corp.*, 127 S.Ct. at
1965, 1974).  Additionally, "the complaint must give the court
reason to believe that this plaintiff has a reasonable likelihood
of mustering factual support for [his] claims."  *Ridge at Red
Hawk, L.L. C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).
The "requirement of plausibility serves not only to weed out
claims that do not (in the absence of additional allegations)
have a reasonable prospect of success, but also to inform the
defendants of the actual grounds of the claim against them."
*Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008).

## II. Screening Analysis

### A. Plaintiff's Allegations

Plaintiff's Complaint alleges that Defendant subjected
Plaintiff to cruel and unusual punishment, in violation of the
Eighth Amendment, by prescribing a medication called Avandia to
treat Plaintiff's diabetes.  Plaintiff alleges that Avandia is
unsafe and causes heart failure, strokes, heart attacks, low
blood sugar, body fluid retention and high cholesterol.
Plaintiff states that these medical conclusions are supported by
documentation available from the drug maker, a local personal
injury law firm, a cardiologist named Steven Nissen, and medical

3

records maintained at the Utah State Prison.  Plaintiff, however, does not include any such documentation with his complaint.

Plaintiff alleges that as a result of taking Avandia he has high cholesterol, heart problems and "low and very high blood sugars."  Plaintiff seeks compensatory damages in the amount of $25,000.

### B. Legal Standard for Denial of Medical Care Claims

In *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976), the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' *Greg v. Georgia*, 428 U.S. 153, 96 S. Ct. 2909 (1976), proscribed by the Eighth Amendment." *Estelle*, 429 U.S. at 104.  "Deliberate indifference involves both an objective and a subjective component." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000).  The objective component is met if the deprivation is "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970 (1994).  A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999).

The subjective component is met only if a prison official

4

"knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. Allegations of mere negligence in diagnosing or treating a medical condition, *Estelle*, 429 U.S. at 105, or "inadvertent failure to provide adequate medical care," *Riddle v. Mondragon*, 83 F.3d 1197, 1203 (10th Cir. 1996), are insufficient to state a claim under the Eighth Amendment.

### C. Sufficiency of Plaintiff's Complaint

Plaintiff's Complaint does not state a viable claim for relief under 42 U.S.C. § 1983. Plaintiff's allegations do not support the conclusion that he faced a substantial risk of serious harm from taking Avandia. Although Plaintiff alleges a number of complications purportedly linked to Avandia, Plaintiff has not shown that Avandia has been generally found to be unsafe or ineffective, nor does he allege that it is contraindicated for his condition. Moreover, Plaintiff does not allege that he suffered any significant injury as a direct result of taking Avandia. Plaintiff's allegations are essentially speculation supported by little more than Plaintiff's own lay medical opinion. In sum, the Court finds that Plaintiff's Complaint does not offer plausible grounds to believe that discovery will reveal evidence to support Plaintiff's claims.

Moreover, even assuming that Plaintiff could show that he suffered a significant injury from taking Avandia, Plaintiff has not alleged deliberate indifference by Defendant.  Plaintiff's Complaint does not allege specific facts showing that Defendant knew Avandia was unsafe at the time he prescribed it to Plaintiff, nor does Plaintiff allege that Defendant continued to prescribe Avandia despite clear evidence that it was harming Plaintiff.  At best, Plaintiff's allegations might support a malpractice claim, however, "medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106.  Moreover, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Ferranti v. Moran*, 618 F.2d 888, 891 (1st Cir. 1980).

Thus, the Court concludes that Plaintiff's allegations are insufficient to state a claim on which relief can be granted.

**ORDER**

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Complaint is **dismissed** under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief can be granted.  *See* 28 U.S.C.A. § 1915 (West 2008).

DATED this 23rd day of September, 2008.

BY THE COURT:

*Tena Campbell*
_____
TENA CAMPBELL, Chief Judge
United States District Court